## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:10cv599

| | | |
|---|---|---|
| **JORGE GALEAS JR.,** | ) | |
| **aka Jorge Gevara,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **RICHARD NEELY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983.  (Doc. No. 1).

In his Complaint against Superintendent Richard Neely, Plaintiff contends that his Constitutional rights are being violated at Lanesboro Correction Institution.  Plaintiff alleges that he is not being permitted to shave because he refuses to shave all of his facial hair except his mustache.  (Doc. No. 1 at 3).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions.  There is no doubt that the PLRA's exhaustion requirement is mandatory.  See Anderson v. XYZ Corr. Heath Servs., Inc., 407 F.3d 674, 676-77 (4th Cir. 2005) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).  In cases covered by § 1997e(a), exhaustion of administrative remedies is mandatory. Porter, 534 U.S. at 524.  "Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  Id.  A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has

1

not exhausted his administrative remedies.  <u>Anderson</u>, 407 F.3d at 674.

Plaintiff concedes that he has not exhausted his administrative remedies and states that he "is still submitting [his grievances]."  (Doc. No. 1 at 1).  Plaintiff has attached to his Complaint certain copies of the grievances he has filed and admits filing at least five separate grievances on the same issue.[1]  A review of the attached grievances indicates that several of Plaintiff's grievances have been returned to him because a prisoner cannot file a new grievance while he has a current grievance pending.  (Doc. No. 1-1 at 1, 6, 7, 9).  Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the Plaintiff's filings that he has not fully exhausted all three levels of the grievance process prior to filing his Complaint, Plaintiff's Complaint is dismissed without prejudice.[2]  <u>Anderson</u>, 407 F.3d at 682.

**IT IS, THEREFORE, ORDERED** that;

(1)     Plaintiff's Complaint is dismissed without prejudice for failure to exhaust his administrative remedies; and

(2)     Plaintiff's Motion to Appoint Counsel (doc. no. 2) and Motion for Certification of Class Action (doc. no. 3) are dismissed as moot.

Signed: December 1, 2010

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] Plaintiff states that he filed grievances on September 11, 2010, September 18, 2010, September 19, 2010, October 30, 2010, and November 13, 2010.  (Doc. No. 1-2 at 1).

[2] Plaintiff cites <u>Edwards v. Johnson</u>, 209 F.3d 772 (5th Cir. 2000) and <u>Medina v. O'Neill</u>, 838 F.2d 800 (5th Cir. 1988) in support of his argument that he is not required to meet the exhaustion requirement as he is an immigration detainee.  These cases are not applicable to the Plaintiff as they involve an immigration detainee in the custody of the Immigration and Naturalization Service awaiting deportation.  Plaintiff is in the custody of the North Carolina Department of Corrections serving a minimum sentence of twenty years for rape.  While there may be a detainer on file against him, he is not in the custody of Immigration and Customs Enforcement.