IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv599-RJC

| | | |
|---|---|---|
| JORGE GALEAS JR., <br> aka Jorge Gevara | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | ORDER |
| RICHARD NEELY, | ) <br> ) | |
| Defendant. | ) <br> ) | |

**THIS MATTER** comes before the Court on its own motion. It has come to the Court's attention that its previous Order dismissing the instant case only specifically mentioned Plaintiff Jorge Galeas, even though four other Plaintiffs were listed as Plaintiffs only in the caption of the case.[1] In the Order dismissing the instant case, the Court directed its comments regarding exhaustion of administrative remedies to Mr. Galeas because the facts, as articulated by him in the Complaint, only relate to him. Although Plaintiff Galeas generally used the plural "we" in his Complaint, he specifically referenced one instance – September 11, 2010, at 7:20 p.m. – when he was told he must shave all facial hair except his mustache. (Doc. No. 1 at 3). Only Plaintiff Galeas responded to the questions on the form Complaint, attached copies of his administrative grievances to the Complaint, and filed an in forma pauperis application along with the Complaint. Two days after this Court dismissed this case for Plaintiff Galeas's failure to exhaust his administrative remedies, Plaintiff Ryan Shipwash filed his administrative remedy statement in which he stated that "[o]n 11-13-2010

---

[1] Ryan Shipwash and Delmas Burch were listed in the caption of the Complaint and also signed the Complaint. Travis Locklear and Artis Perkins were listed in the caption of the Complaint, but did not sign the Complaint.

1

[he] submitted a grievance related to this action and [he] is still waiting for a response." (Doc. No. 12 at 2). Plaintiff Burch, although directed to file a copy of his administrative remedy statement on or before December 13, 2010, has not done so. Instead, on December 13, 2010 Plaintiff Burch sent the Court a letter explaining that he only intended to file a statement in support of the lawsuit and that he never intended to be included as a Plaintiff. (Doc. No. 25).

This Order serves to clarify that in addition to Plaintiff Galeas, the Complaint as to Plaintiff Shipwash is dismissed without prejudice for failure to exhaust, and the Complaint as to Plaintiff Burch is also dismissed. Plaintiff Shipwash, after the Court issued its Order dismissing the case, filed an administrative remedy statement disclosing that he still awaits a response to his grievance filed on November 13, 2010. (Doc. No. 12 at 2). This statement concedes that Shipwash has not exhausted all three stages of his administrative remedy process, and the case will be dismissed without prejudice as to Shipwash. Regarding Burch, his December 13, 2010, letter to the Court makes clear that he never intended to be included as a Plaintiff in this case. Therefore, the case is dismissed without prejudice as to Mr. Burch.

The Court did not consider the Complaint, however, as to the remaining two plaintiffs, Locklear and Perkins. Plaintiffs Locklear and Perkins did not sign the Complaint or other documents, and thus they were never parties to the action. Therefore, the Court will direct that the Clerk delete Plaintiffs Locklear and Perkins from the case caption, it will withdraw the Orders waiving the initial filing fee and directing monthly payments as to Plaintiffs Locklear, Perkins, and Burch (Doc. Nos. 22, 23, 24), and it will direct the Clerk to reimburse any portion of the filing fee already made by Plaintiffs Locklear, Perkins, and Burch.

**IT IS, THEREFORE, ORDERED** that

(1) the Complaint as to Plaintiff Shipwash is **DISMISSED without prejudice** for failure

to exhaust;

(2) the Complaint as to Plaintiff Burch is **DISMISSED without prejudice**, as he did not intend to be named as a plaintiff in this case;

(3) the Complaint as to Plaintiffs Locklear and Perkins is **DISMISSED without prejudice**, as neither signed the Complaint; and

(4) the Orders waiving the initial filing fee and directing monthly payments as to Plaintiffs Locklear, Perkins, and Burch (Doc. Nos. 22, 23, 24) are **WITHDRAWN**, and Locklear, Perkins, and Burch shall be reimbursed any portion of the filing fee already paid.

**SO ORDERED.**

Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge